Brady, J.
Plaintiff Enterprise Rent A Car of Boston, Inc. (Enterprise) filed this action against Cynthia Im-brogna (Imbrogna) to recover under a rental agreement for damage to an automobile that was rented by Imbrogna in July 1992. Imbrogna filed a third party complaint against David Venuti (Venuti) and the Town of Canton (Canton). Canton now seeks summary judgment on the grounds that service of process was not proper, and because the claim against it is barred under G.L.c. 258, the Massachusetts Tort Claims Act. For the following reasons, Canton’s motion is ALLOWED to the extent that Imbrogna bases her claim against the town on the theory that Venuti should have been placed into protective custody, and is otherwise DENIED.
BACKGROUND
The following summary of Imbrogna’s material allegations is treated as undisputed for the purpose of this summary judgment motion. On July 3, 1992, Imbrogna rented a 1992 Ford Thunderbird from Enterprise. During the early morning hours on July 4, 1992, Imbrogna was stopped by Canton Police Officer Helena Rafferty (Rafferty) and arrested for operating under the influence of alcohol. Venuti was Imbrogna’s passenger, and was also intoxicated. Rafferty took the keys to the vehicle from Imbrogna, and, without Imbrogna’s consent, gave the keys to Venuti and permitted him to operate the vehicle. Venuti then damaged the vehicle in an accident.
DISCUSSION
I. Service of Process.
First, Canton urges that the claim against it must be dismissed[2] because service was made individually upon the three members of the Board of Selectmen, a manner that is insufficient under Mass.R.Civ.P. 4(d)(4), which requires delivery of a copy of the summons and complaint to the treasurer or town clerk. See also G.L.c. 223, §37.
Special procedural requirements for service of process apply to civil actions brought pursuant to the Massachusetts Tort Claims Act. See G.L.c. 258, §6; Mellinger v. West Springfield, 401 Mass. 199, 194-95 (1987). Service of process must be made upon the town counsel or public attorney or, where no such public attorney is employed for that purpose at the time service is made, upon the town’s executive officer. G.L.c. 258, §6. Canton does not suggest that a public attorney was employed for that purpose at the time service was made, or that the town charter designated other than the Board of Selectmen as the town’s executive officer. See id. at §1. The court therefore rules that service upon the members of the Board of Selectmen constitutes sufficient service of process.
II. The Massachusetts Tort Claims Act.
This court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Community Nat‘l Bank v. Dawes, 369 Mass. 550, 553 (1976); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
Imbrogna argues two theories of negligence: that Rafferty was negligent for not placing Venuti into protective custody, and that Refferty negligently entrusted the vehicle to Venuti when Rafferty knew or should have known that Venuti was intoxicated. Canton maintains that it is entitled to judgment as a matter of law because the action is barred by provisions of the Massachusetts Tort Claims Act, specifically, §§ 10(h) and 10(j) of G.L.c. 258.
A town is immune to actions of negligence except as §2 of G.L.c. 258, the Massachusetts Tort Claims Act, has abrogated that immunity. Section 2 imposes liability on a public employer for the negligence of any public employee acting within the scope of his employment, provided that none of the “exclusions” contained in G.L.c. 258, §10, are applicable. Recent amendments to G.L.c. 258 added several further exclusions from general liability to those previously provided in §10. See G.L.c. 258, §§10(e)-(j); Stat. 1993, c. 495, §§57 and 144.
a. Failure to place Venuti in protective custody.
Canton first argues that the officer’s actions are immune from liability under §10(h) of G.L.c. 258.
*413 Section 10(h) excepts from liability “any claim based on the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law . . .” G.L.c. 258, §10(h). Imbrogna’s theory that Canton is liable for the officer’s failure to place Venuti into protective custody is a clear example of the type of claim that § 10(h) operates to bar. Summary judgment will be granted to the extent that Imbrogna seeks to pursue this theory of liability. However, the court concludes that Imbrogna’s theory that Canton is liable for the officer entrusting the vehicle to Venuti is better characterized as the failure to prevent the tortious conduct of a third person than it is a claim of failure to prevent the commission of a crime or to enforce a law, and must instead be evaluated in light of the §10(jj exception.
b. Entrusting the vehicle to Venuti.
Canton further contends that it was Venuti, not the officer, who was the “original cause" of the harm to Imbrogna and under G.L.c. 258, §10(j), the town is not liable for any alleged failure on its part to prevent Venuti’s acts.
Clause (j) of Section 10 bars “any claim based on an act or failure to act to prevent . . . the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any person acting on behalf of the public employer.” G.L.c. 258, §10(j) (emphasis supplied). There is limited caselaw to guide the court in defining the meaning of the language “originally caused by” in §10(j). See, e.g., Pallazola v. Foxboro, 418 Mass. 639 (1994) (concluding without discussion that claim of failure to prevent unlawful removal of stadium goalpost was barred by §10(j)); Carleton v. Framingham, 418 Mass. 623, 629 n.7 (1994) (noting that because the claim was barred by §10(h), a discussion of “originally caused” was unnecessary); Bonnie W. v. Commonwealth, supra, 419 Mass. at 126 (determining, without discussing the words “originally caused,” that a claim of failure to supervise parolee was barred by §10(j), but claim of negligent recommendation for continued employment and misrepresentation of criminal history to employer was not).
The language does, however, appear in Justice O’Connor’s concurrence in Cyran v. Ware, 413 Mass. 452 (1992), a decision that predates the recent §10 amendments. Justice O’Connor stated that public employers should not be liable for situations “in which the plaintiff has been harmed by a condition or situation which was not originally caused by the public employee, and is attributable to the employee only in the sense that the employee failed to prevent or mitigate it.” Id. at 467. One legal scholar has asserted that “Justice O’Connor’s statement that there must be something more than the pure failure to alleviate a private harm should be helpful in determining the scope of subsection (j).” Joseph W. Glannon, Liability for “Public Duties” Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass.L.Rev. 17, 26 (1994). Professor Glannon argues that the clearest examples of cases in which public employers should not be liable are “situations where there is no relevant public employee involvement in creating the risk which causes the plaintiffs injury, but a public employee fails to intervene to prevent harm.” Id. Stated another way, Professor Glannon argues that §10(j) “requires some involvement of a public employee in creating the initial injury-causing scenario, not simply a failure to respond adequately after it arises.” Id. The court is persuaded that this approach represents a sensible reading of the §10(j) exclusion.
If Imbrogna’s factual allegations are proven at trial, then Section 10(j) will not apply. The affirmative act of giving the keys to Venuti was sufficient risk-creating intervention or involvement by the officer to give rise to liability. For this reason, summary judgment is inappropriate.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Town of Canton’s motion for summary judgment is ALLOWED to the extent that Imbrogna bases her claim against the town on the theory that Venuti should have been placed into protective custody, and is otherwise DENIED.

hrhis action was originally filed in the Woburn District Court, and Canton had filed in that court a motion to dismiss for insufficiency of process and insufficiency of service of process. The District Court did not act upon Canton’s motion before the action was transferred to this court.