## COMMONWEALTH *vs.* ROBERTO COLON.

No. 98-P-2075.

Essex. February 11, 2000. - June 1, 2000.

Present: KASS, GREENBERG, & LENK, JJ.

*Child Abuse. Evidence,* Expert opinion, Credibility of witness, Sexual conduct. *Witness,* Expert, Credibility, Cross-examination.

At the trial of indictments for sexual abuse of a child, no substantial risk of a miscarriage of justice arose from the judge's admission in evidence of expert testimony on the physical signs of sexual abuse, which, in any event, because of the testimony's equivocal nature, could hardly have prejudiced the defense. [291-293]

At a criminal trial, defense counsel's belated objections to questions posed on cross-examination of the defendant's expert witness were properly over-ruled, where the witness's testimony was not an improper comment on the credibility of the victim. [293-295]

INDICTMENTS found and returned in the Superior Court Department on June 26, 1996.

The cases were tried before *Christine M. McEvoy*, J.

*Brownlow M. Speer*, Committee for Public Counsel Services (*D. Christopher Dearborn*, Committee for Public Counsel Services, with him) for the defendant.

*Gregory I. Massing*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. Following a trial by jury in the Superior Court, the defendant was convicted of nine counts of rape of a child under sixteen (G. L. c. 265, § 23)[1] and of two counts of intimidation of a witness (G. L. c. 268, § 13B).[2] The female complainant, who was eight years old when the incidents began,

---

[1] The trial judge subsequently granted the defendant's motion for a required finding of not guilty on one of these counts of rape.

[2] The defendant was acquitted on charges involving another complainant, and an additional indictment was placed on file.

testified that the defendant forced her to engage in multiple acts of vaginal and anal intercourse which continued intermittently for nearly two years. The defendant's appeal raises two closely related evidentiary issues.

1. Dr. Serena Dee, a pediatrician at the Greater Lawrence Family Health Center, was the final defense witness. At the time of her examination of the complainant, at least nine months after the last claimed act of intercourse, there were no physical signs of any sexual abuse. On cross-examination Dee explained that, in most cases of confirmed sexual abuse, examination of the children's external genitalia and vagina produced no physical findings. She gave her reasons for that phenomenon. In her opinion, injured tissue heals very rapidly in children and adolescents. She also testified that the complainant in the instant case had begun to menstruate at the age of nine and that this produced organic changes in vaginal tissue which made it impossible to tell whether a sexual battery had occurred. The defense rested its case on that somewhat equivocal note.

Thereafter, the prosecutor called Dr. Robert N. Reece, a pediatrician with expertise in the field of sexual abuse, as a rebuttal witness. That drew an objection from defense counsel, who complained that Reece's testimony would be "somewhat redundant," given Dee's testimony on cross-examination "about the fact that [the physicians] don't always find things." Defense counsel also objected on the ground that he had insufficient notice of any studies or research materials upon which Reece might rely. The prosecution responded that she offered Reece's testimony because the defense had raised the issue whether penetration had occurred and that she harbored some doubt about Dee's qualifications "to provide a full picture to the jury . . . of what is found or is not found" during pelvic exams. The judge overruled the defendant's objection, noting that the defendant had opened up the subject and that the prosecution had given adequate notice to the defendant by listing Reece as a potential witness. The judge further remarked that defense counsel had declined, in spite of the judge's earlier suggestion, to interview Reece before the trial commenced. She did, however, rule out the inclusion of references to learned treatises or other articles in the field of sexual abuse of children in Reece's testimony.

Because Reece's testimony was different only in form, not in substance, from that of Dee, the concern about Reece's

testimony turned out to have been unwarranted. Although Reece had more years of experience in the field and possessed impressive credentials, he had not interviewed or examined the child. He testified that, of the thousands of physical examinations he had performed among children with confirmed sexual abuse histories, only between fifteen and twenty per cent of the girls showed physical signs of vaginal penetration. As for rectal intercourse, the percentage was even lower. In short, the majority of his patients did not show any signs of physical trauma on examination. On cross-examination by defense counsel, he agreed with Dee that "no findings are consistent with no sexual abuse, as well."

The defense's claim of error as to the admission of Reece's testimony rests on "the aura of reliability that the jury may find in expert testimony bearing directly on their own fact-finding role." *Commonwealth* v. *Francis*, 390 Mass. 89, 96 (1983). The defendant argues that the expert testimony constituted an opinion on the complainant's credibility. That was not the ground of objection asserted by trial counsel. As a consequence, our task is to determine whether the admission of the testimony created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Caracino*, 33 Mass. App. Ct. 787, 791 (1993).[3]

It is settled that expert testimony on the typical symptoms or signs and general behavioral characteristics of sexually abused children is admissible and does not, of itself, constitute an opinion on the credibility of the complaining witness. See *Commonwealth* v. *Richardson*, 423 Mass. 180, 185-186 (1996); *Commonwealth* v. *Federico*, 425 Mass. 844, 847-849 (1997). Reece's testimony falls into this category, and the defendant concedes that point. He argues, however, that Reece's testimony had the inescapable effect of improperly bolstering the complainant's credibility because it gave his "over-all impression of the truthfulness of members of a class . . . of which the specific complainant was a member," *Commonwealth* v. *Ianello*, 401 Mass. 197, 201-202 (1987), namely children who report multiple penile penetrations, but who show no physical signs

---

[3]On the basis of the cases of *Commonwealth* v. *Cancel*, 394 Mass. 567, 573 (1985), and *Commonwealth* v. *Martin*, 417 Mass. 187, 191 (1994), the defendant argues, in his reply brief, that the correct standard of review is prejudicial error rather than a substantial risk of a miscarriage of justice. Even if we employed the more lenient standard of review, the defendant would not prevail because the evidence in question here was appropriately admitted.

thereof. See *Commonwealth* v. *Montanino*, 409 Mass. 500, 504 (1991).

The case of *Commonwealth* v. *Ianello, supra*, does not help the defendant. The defendant in that case claimed that "the trial judge abused his discretion in refusing to allow a psychologist to give expert testimony as to the possibility of a [child's] false allegation of sexual abuse arising from a custody and visitation dispute." *Id.* at 199-200. The court determined that, "[w]hile the proposed testimony fell short of rendering an opinion on the credibility of the specific child before the court, [there was] little difference in the final result," and held that the trial judge properly excluded the proffered opinion because "an expert may not offer an opinion on a witness'[s] credibility." *Id.* at 201-202. Such "[e]valuations of credibility are, of course, within the exclusive province of the trier of fact." *Commonwealth* v. *Bohannon*, 376 Mass. 90, 94 (1978). To hold otherwise would constitute an intrusion upon the jury's "vital function." *Commonwealth* v. *Ianello, supra* at 202.

The case of *Commonwealth* v. *Montanino, supra*, is also distinguishable. In *Montanino* the child complainant had made statements to a police officer that were inconsistent with his trial testimony. At trial the police officer so testified. The Supreme Judicial Court reversed and held that it was impermissible for the police officer to testify, whether as an expert witness or as a lay witness, that it is normal for victims of sexual assault to reveal more details in subsequent interviews than they initially disclose. *Commonwealth* v. *Montanino*, 409 Mass. at 502-504. See *Commonwealth* v. *Rather*, 37 Mass. App. Ct. 140, 148-150 (1994) (improper for witness who evaluated victims to testify first about their specific behaviors, then about general truthfulness of hypothetical victims similar to actual victims, but error harmless).

The reasoning in both of these cases does not support the defendant's position here, because Reece's testimony dealt with physical signs of sexual abuse and not with patterns of disclosure. Testimony pertaining to patterns of disclosure — that victims of child sexual abuse often fail to disclose their abuse until long after the fact, omit certain details, change their stories over time, and give inconsistent statements, or that certain children are apt to lie about sexual abuse — goes directly to the truthfulness of the child complainant's testimony and therefore usurps the jury's function. Even if such testimony

falls short of a direct comparison between the specific complainant before the jury and the credibility of similarly situated children, it is impermissible if the opinion would inevitably be applied to the child alleging sexual abuse. *Commonwealth* v. *Ianello*, 401 Mass. at 202. *Commonwealth* v. *Montanino*, 409 Mass. at 504.

Here, it appears that Reece's testimony did no more than give the jury information concerning the medical interpretation of an absence of any physical evidence of penetration; namely, such a finding does not exclude that sexual abuse occurred. While the jury were capable of assessing whether the complainant was telling the truth without the aid of either physician, the subject matter of Reece's testimony was beyond the jury's ken and was properly admitted.[4] *Commonwealth* v. *Federico*, 425 Mass. at 851-852 n.13. See *Commonwealth* v. *Allen*, 40 Mass. App. Ct. 458, 465-466 (1996) (not error to allow doctor to testify that complainant's hymen was a normal shape and that the majority of girls examined with confirmed sexual abuse have a normal examination).

We also reject the defendant's argument that the prosecutor improperly exploited the admission of Reece's testimony in his closing argument to the jury. The defendant takes umbrage at the prosecutor's quoting Reece that "[i]t is normal to be normal." The argument is unpersuasive because, when defense counsel argued, he also alluded to that part of Reece's testimony that was in accord with Dee's opinion that the absence of physical signs of trauma to the vaginal area is not necessarily indicative of child rape. The statement itself provided no detail that inculpated the defendant and, in light of the equivocal nature of the expert testimony, one could hardly conclude that it prejudiced the defense.

2. The defendant's second point overlaps with the first. He argues that the judge mistakenly permitted the prosecutor to cross-examine Dee regarding conclusions that could be drawn from the lack of physical signs or symptoms of sexual abuse.

---

[4]The defendant also argues that Reece's testimony on the percentages of children with confirmed sexual abuse histories who had actual physical findings was erroneously admitted, since "a mathematical probabilities formula does not lead to a valid conclusion about a specific individual." *Commonwealth* v. *Kappler*, 416 Mass. 574, 601 (1993) (O'Connor, J., dissenting). Reece's testimony was not offered to prove that the complainant had been abused, so this contention is without merit.

There is a question at the outset whether the defendant adequately preserved his appellate rights by an appropriate objection to the questions put to Dee on this issue. See Mass.R. Crim.P. 22, 378 Mass. 892 (1979). During cross-examination several questions were asked and answered before objections were taken about how there often are no physical findings in sexually abused children. The objections should have been made sooner. The judge overruled both objections saying that the defendant had opened up the subject. At no time did defense counsel move to strike the answers nor did defense counsel ask for limiting instructions to protect against the possibility that the jury might draw improper conclusions concerning the child's credibility. Therefore, "review . . . is limited to determining whether, had the objection been timely, the evidence should have been excluded and, if so, whether the wrongly admitted evidence created a substantial risk of a miscarriage of justice." *Commonwealth* v. *Myer*, 38 Mass. App. Ct. 140, 143 (1995). See *Commonwealth* v. *Pagano*, 47 Mass. App. Ct. 55, 59 (1999).[5]

The objections were properly overruled. Although the risk of impermissible comparative testimony is usually heightened when the physician offering the general characteristics evidence also treated the child complainant, see *Commonwealth* v. *Federico*, 425 Mass. at 849, here there was no such risk, for the cross-examination did not elicit any opinion of the truthfulness of victims of sexual abuse in general or of the complainant in particular. In relying on *Commonwealth* v. *Trowbridge*, 419 Mass. 750 (1995), the defendant overlooks that the physician in *Trowbridge* not only testified that the complainant's "behavior was consistent with that of sexually abused children," she also testified that the gynecological examination of the complainant revealed no signs of acute trauma and added that these findings were consistent with the type of abuse alleged in that case. *Id.* at 759-760. The testimony "came impermissibly close to an endorsement of the child's credibility." *Id.* at 760. Neither Dee's testimony on cross-examination nor Reece's testimony could be construed as similarly impermissible. Their testimony did not contain any references to the behavior of the complain-

---

[5]See note 3, *supra.*

ant or to that of sexually abused children in general. The issue of the complainant's credibility was left to the jury.

*Judgments affirmed.*