The defendant, Roberto Colon, appeals from the order dated August 22, 2016, denying his third motion for a new trial and his request for an evidentiary hearing. We affirm.
Background. In June, 1996, a grand jury returned indictments charging the defendant with multiple offenses in connection with his sexual abuse of an eight year old girl over a two-year period.[2] Following a jury trial, the defendant was convicted of nine counts of rape of a child and two counts of intimidation of a witness. The convictions were affirmed on appeal, see Commonwealth v. Colon, 49 Mass. App. Ct. 289, 295 (2000), and the defendant is now serving two concurrent life sentences and two concurrent four to five year sentences in State prison.
In March, 2001, acting pro se, the defendant filed a motion for a new trial. There is little information about this motion in the record, but it appears that there was no disposition of the motion. In November, 2012, again acting pro se, the defendant filed a second motion for a new trial, alleging that newly discovered evidence casts doubt upon his convictions. However, before that motion was heard, appellate counsel was appointed to represent the defendant. Four years later, on February 1, 2016, a third motion for a new trial was filed, alleging that the defendant was deprived of the effective assistance of trial counsel. A judge, who was not the trial judge,[3] denied both the second and third new trial motions in a written decision.[4] His reasoning was as follows:
"The court agrees [with the Commonwealth] that issues of waiver, delay, and finality all support denial of Colon's post-conviction motions. There is no newly discovered evidence set forth in Colon's supporting affidavits. All of the supporting assertions were known to Colon at the time of trial. There is no legitimate explanation for waiting nineteen years to raise issues that were available to Colon at the time of his conviction. All of the assertions go to cumulative efforts to impeach the complainant's mother, who was impeached (through defense witnesses) on the same motive/bias theory at trial, and who was not even the first complaint witness in this case."
Discussion. We review the denial of a motion for a new trial to determine whether there has been a significant error of law or other abuse of discretion. See Commonwealth v. Grace, 397 Mass. 303, 307 (1986). For the reasons that follow, we discern no error or abuse of discretion.
The defendant asserts that trial counsel was ineffective for "failing to investigate witnesses who were present and willing to testify to the central issues at trial-credibility and motive." However, even if we were to assume, which we do not, that trial counsel failed to interview the witnesses who provided affidavits,[5] the defendant has not shown that "better work [by trial counsel] might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). The information set forth in the affidavits is cumulative of the evidence offered by the defendant at trial regarding the mother's bias. As such, there is little risk "that the jury would have reached a different conclusion had the evidence been admitted at trial." Commonwealth v. Grace, supra at 306. See Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015).
Nor did the judge err or abuse his discretion in denying the defendant's motion without first holding an evidentiary hearing. Where, as here, the affidavits do not "contain credible information of sufficient quality to raise a serious question" whether the defendant received the effective assistance of trial counsel, Commonwealth v. Vaughn, supra at 404, there was no need to have a hearing.
Order dated August 22, 2016, denying motion for new trial affirmed.

At trial, the victim testified that the defendant forced her to engage in multiple acts of vaginal and anal intercourse over a period of two years. Commonwealth v. Colon, 49 Mass. App. Ct. 289, 289-290 (2000).

The trial judge had retired.

The defendant has only appealed from the denial of the third new trial motion.

The third new trial motion was supported by affidavits of trial counsel, the defendant's daughter, the mother of the defendant's daughter, and a friend of the defendant's. The friend's affidavit is in Spanish. As there is no translation in the record, we do not consider it. See generally Commonwealth v. Portillo, 462 Mass. 324, 328 (2012) ("Where another language is spoken in a recorded statement, the [defendant] may not offer the recorded statement in evidence without an English-language transcript"). In his affidavit, trial counsel avers that he cannot recall interviewing the other affiants before trial. The daughter's and her mother's affidavits address the credibility of the victim's mother.